IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 SEP -3 P 3: 58

AT BALTIMORE
___ DEPUTY

| | | |
|---|---|---|
| STACY WARD | * | |
| Plaintiff | | |
| | * | |
| vs. | | Civil Action No. L-02-2236 |
| | * | |
| ANDROMEDA ENTERTAINMENT, LLC | * | |
| Defendant | | |

******

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. **The schedule will not be changed except for good cause.**

### I. DEADLINES

| | |
|---|---|
| Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered). | September 27, 2002 |
| Report re deposition hours | September 27, 2002 |
| Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge | September 27, 2002 |
| Rule 26(a)(1) initial disclosures | October 28, 2002 |
| Moving for joinder of additional parties and amendment of pleadings | October 28, 2002 |
| Plaintiff's Rule 26(a)(2) disclosures re experts | November 12, 2002 |

U.S District Court (Rev. 7/2001) - Scheduling Order,
With Trial Date, Setting Dep. Hours

| | |
|---|---|
| Defendant's Rule 26(a)(2) disclosures re experts | December 12, 2002 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | December 26, 2002 |
| Rule 26(e)(2) supplementation of disclosures and responses | January 2, 2003 |
| **Discovery deadline; submission of status report** | January 27, 2003 |
| Requests for admission | February 3, 2003 |
| **Dispositive pretrial motions deadline** | February 25, 2003 |
| **Motions Hearing** | May 2, 2003, at 10:00 a.m. |
| **Submission of Pretrial Order, Motions *in Limine*, proposed voir dire questions, and proposed jury instructions** | May 22, 2003 |
| **Pretrial Conference (in Court)** | June 13, 2003, at 10:00 a.m. |
| **Trial** | June 30, 2003, at 10:00 a.m. |

## II. DISCOVERY

Initial Disclosures

    This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures must be made.

Discovery Conference

    This action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to (a) identify the issues, (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense and (d) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All written discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court. If they are, they will not be returned by the Clerk but will be retained for seven days. Thereafter, unless retrieved by the filing party, they will be destroyed without further notice.

d. Motions to compel shall be filed in accordance with Local Rule 104.8.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules.

Deposition Hours

Please confer with one another and report to me within 14 days of the date of this order concerning the number of hours of depositions which you believe is appropriate. If I have not heard from you by that date, each side shall be limited to six (6) hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

### III. STATUS REPORT

The parties shall file in chambers only (not with the Clerk) on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending; if so, what are they;

c. Whether any party intends to file a dispositive pretrial motion; if so, the filing deadlines set

by the most recent scheduling order;

    d. The trial date, if one has been set; whether the case is to be tried jury or non-jury and the anticipated length of trial;

    e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

    f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

    g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

    h. Any other matter which you believe should be brought to the court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

## V. ADMINISTRATIVE MATTERS

Any inquiries concerning the schedule should be directed to my chambers in writing, not to the Clerk's Office.

**Courtesy copies of any motions or other papers filed with the Clerk should <u>not</u> be provided to chambers without my permission. The original and two copies of all motions and memoranda should be filed with the Clerk. <u>See</u> Local Rule 105.1.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES

The court will demand compliance with the Local Rules. If you need to obtain a copy of the Local Rules, they are available on our website at www.mdd.uscourts.gov, or for purchase from the following companies:

| The Daily Record | Gremlin Press | Lexis Publishing |
| --- | --- | --- |
| (410) 752-3849 | (410) 255-8811 | 1-804-972-7600 |

| Rules Service Co. | West Group |
| --- | --- |
| (301) 424-9402 | 1-800-328-9352 |

Date: Sept. 3, 2002

Benson Everett Legg
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

MEMORANDUM TO COUNSEL

    Enclosed is the Scheduling Order. I specifically call your attention to the sections which not only set a discovery deadline but require the timely designation of expert witnesses who are expected to testify at trial and limit the number of deposition hours.

    Counsel should confer and advise me (a letter is sufficient) within ten days of any modifications which they believe should be made to the Order. I will review the request and, unless I believe that the Order should remain as it is, either modify the schedule or set a scheduling conference.

    If counsel do not make such a request within ten days, the schedule as set in the Order will be firm; modifications will be made only in response to events that are reasonably unforeseeable at present. If such an event occurs, counsel should notify me promptly by an appropriate motion.

    Barring an emergency, all requests for extension must be in writing and must be submitted at least seven days prior to deadline.

    **As stated in the Scheduling Order, <u>courtesy copies of any motions or other papers filed with the Clerk should not be provided to chambers without permission of the Court.</u>**

    Once the case is closed, the chambers file will be discarded. It is important, therefore, that counsel file in the Office of the Clerk all letters and other documents that they wish to be included as part of the official court file.

**EXCEPT IN EXCEPTIONAL CIRCUMSTANCES, COUNSEL SHOULD COMMUNICATE WITH MY CHAMBERS IN WRITING RATHER THAN BY TELEPHONE.**

Benson Everett Legg

c: Court File